IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OMAR GONZALEZ-VILLA, and ) <br> JESUS GONZALEZ-MENDOZA ) <br> ) <br> Defendants. ) | No. 05 CR 844 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Government's motion to disqualify the law office of Ralph E. Meczyk ("Firm"), which represents both Defendant Omar Gonzalez-Villa ("Villa") and Defendant Jesus Gonzalez-Mendoza ("Mendoza"). For the reasons stated below, we grant the Government's motion to disqualify.

## BACKGROUND

According to the Government, on October 7, 2005, law enforcement agents interviewed Villa near his house, at which time Villa told the agents that there was money and cocaine in his truck. The Government alleges that Villa then signed a written consent to search his property. The Government claims that the agents found

1

the truck on his property, and that the truck contained "large bundles of money sealed in plastic wrap" and packages of cocaine and heroin. (Mot. 2). The Government also alleges that Mendoza indicated that he was living with and "helping his brother-in-law" Villa. (Mot. 2). Mendoza then allegedly informed the agents that he was aware of the money in the truck because he had placed it there at the direction of Villa. According to the Government, Mendoza's fingerprints were found on the bundles of money.

Both Villa and Mendoza were arrested, and a preliminary hearing before a magistrate judge was held on October 31, 2005, at which Attorney Ralph Meczyk entered an appearance for Villa and Gal Pissetzky, also of the law office of Ralph E. Meczyk, entered an appearance for Mendoza. The Government alleges that it raised the issue of a conflict of interest due to the multiple representations at the preliminary hearing, and stated that it would raise the issue later before the District Court judge. On November 17, 2005, both Villa and Mendoza were indicted for drug-related crimes, including three counts against Villa, two counts against Mendoza, and forfeiture allegations against both. On December 13, 2005, the Government filed the instant motion to disqualify the Firm from participating in this case. Villa and Mendoza, in response to the motion to disqualify, stated that they both have "formally waived any conflict of interest issue concerning their respective choices for attorneys" and that to further avoid any future conflict of interest, the

Firm would withdraw its representation of Mendoza. (Resp. 2). Despite this voluntary withdrawal, the Government still seeks disqualification of the Firm.

## ANALYSIS

The Supreme Court has stated that while a criminal defendant has a "qualified right to be represented by counsel of one's choice," a defendant also has a "right to a defense conducted by an attorney who is free of conflicts of interest." *Wheat v. United States*, 486 U.S. 153, 157-58 (1988). These two rights are often in direct conflict with each other, and a denial of either can be a reversible error. *Id.* In addition to the rights of defendants, courts faced with Sixth Amendment issues must always be concerned about the courts' "institutional interest in the rendition of just verdicts in criminal cases" that can also clash with a defendant's interest in having the counsel of his choice. *Id.* at 160; *see also United States v. Colonia*, 870 F.2d 1319, 1326-27 (7th Cir. 1989)(stating that "[e]ven a defendant's waiver of defense attorney's conflict of interest cannot always cure every problem created by multiple representation because federal courts have an independent interest in ensuring trials are proper and appear proper").

Under the Sixth Amendment, a criminal defendant has a right to the effective assistance of an attorney. *Sanders v. Cotton*, 398 F.3d 572, 583 (7th Cir. 2005). While the Seventh Circuit has stated that there is "a presumption in favor of petitioner's counsel of choice," it has also made it clear that this is not absolute.

3

*United States v. Spears*, 965 F.2d 262, 274-75 (7th Cir. 1992). The presumption that a defendant should be represented by an attorney of his choice "may be overcome not only by a demonstration of actual conflict but by a showing of a serious *potential* for conflict." *Id.* (emphasis added). Having a single attorney or firm represent joint defendants is not automatically such a conflict, but the Supreme Court has stated that "a court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel." *Wheat*, 486 U.S. at 160; *see also* Fed. R. Crim. P. 44(c)(stating that in cases of joint representation, "[u]nless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel"); *Griffin v. McVicar*, 84 F.3d 880, 887 (7th Cir. 1996)(citing Federal Rule of Criminal Procedure 44(c)). While in many cases a defendant may waive such conflicts, even knowing and voluntary waivers will not always be enough to overcome a conflict of interest. *See Wheat*, 486 U.S. 153, 160-61; *Colonia*, 870 F.2d at 1326-27.

The Government argues in its motion for disqualification that even if the Firm agrees to withdraw its representation of one of the defendants, which the Firm has since agreed to do, "the continued representation of *either* defendant in this case is problematic." (Mot. 11)(emphasis in original). The Government contends that an attorney's duty of loyalty extends to both current and former clients, and the Firm "might find themselves in the untenable position where they have to cross-examine

their former client, [Mendoza, which] would violate [the Firm's] duty of loyalty and confidentiality to [Mendoza]." (Mot. 11). The Government also argues that if Villa, the Firm's remaining client, decided to cooperate with the Government and testify against Mendoza, the Firm "would be put in the constitutionally and ethically difficult position of advising their client on the merits of acting in a manner adverse to their former client." (Mot. 11-12). The Firm argues that they should be allowed to continue to represent Villa because they never discussed the facts of the case with Mendoza, and because "any pre-trial motion filed by either defendant would be unrelated to the other defendant." (Resp. 2).

As stated above, while a defendant has a strong interest in having the counsel of his choice, this interest can be outweighed in situations where there is a potential for a serious conflict of interest that would implicate the court's interest in preserving the integrity of the judicial system. *Wheat*, 486 U.S. at 160. This holds true even in a situation like this, where defense counsel is seeking to potentially represent a client against a former client. *See United States v. Algee*, 309 F.3d 1011, 1013-14 (7th Cir. 2002)(stating that "[i]t is well-settled . . . that a criminal defendant's right to his chosen attorney may be outweighed by a serious potential for conflict due to the attorney's prior representation of other defendants charged in the same criminal conspiracy"). It is reasonable to conclude that allowing the Firm to represent Villa after it represented both Villa and Mendoza for several months could, at the very least, create the impression of a serious conflict of interest. The

Government alleges that only Mendoza's fingerprints were found on the money, but that Mendoza also allegedly told the agents when he was arrested that he was only involved at the direction of Villa. Given these allegations, it seems likely that the interests of Villa will be different from the interests of Mendoza. Under these facts, representation of Villa by the Firm could be highly prejudicial to Mendoza, a former client of the Firm and could, at the very least, give the appearance of impropriety. Accordingly, we grant the Government's motion to disqualify the Firm from representing either Villa or Mendoza.

## CONCLUSION

Based on the foregoing analysis, we grant the Government's motion to disqualify the law office of Ralph E. Meczyk.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 10, 2006