IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 CR 844 |
| | ) | |
| OMAR GONZALEZ-VILLA, and | ) | |
| JESUS GONZALEZ-MENDOZA | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Omar Gonzalez-Villa's ("Villa") and the law office of Ralph E. Meczyk's ("Firm") motion to reconsider the court's January 10, 2006, opinion disqualifying the Firm from representing Villa and his co-defendant Jesus Gonzalez-Mendoza ("Mendoza"). For the reasons stated below, we deny the motion to reconsider.

## BACKGROUND

According to the Government, on October 7, 2005, law enforcement agents interviewed Villa near his house, at which time Villa told the agents that there was

money and cocaine in his truck. The Government alleges that Villa then signed a written consent to search his property. The Government alleges that the agents found the truck on Villa's property, and that the truck contained "large bundles of money sealed in plastic wrap" and packages of cocaine and heroin. (Mot. Dis. 2). The Government also alleges that Mendoza indicated that he was living with and helping his brother-in-law Villa. Mendoza then allegedly informed the agents that he was aware of the money in the truck because he had placed it there at the direction of Villa. According to the Government, Mendoza's fingerprints were found on the bundles of money.

Both Villa and Mendoza were arrested, and a preliminary hearing before a magistrate judge was held on October 31, 2005, at which Attorney Ralph Meczyk entered an appearance for Villa and Gal Pissetzky, also of the law office of Ralph E. Meczyk, entered an appearance for Mendoza. The Government alleges that it raised the issue of a conflict of interest due to the multiple representations at the preliminary hearing, and indicated at that time that it would raise the issue later before the District Court judge. On November 17, 2005, both Villa and Mendoza were indicted for drug-related crimes, including three counts against Villa, two counts against Mendoza, and forfeiture allegations against both. On December 13, 2005, the Government filed a motion to disqualify the Firm from participating in this case, which this court granted on January 10, 2006. Villa and the Firm are now asking the court to reconsider our January 10, 2006, opinion.

## ANALYSIS

While there is no formal rule of criminal procedure that provides for reconsideration of court decisions in criminal proceedings, the Supreme Court has permitted, by implication, such motions. *See United States v. Dieter,* 429 U.S. 6, 8 (1976)(stating that "[t]he fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors, and we must likewise be wary of imposing added and unnecessary burdens on the courts of appeals)(cited by *United States v. Griffin*, 84 F.3d 820, 826 (7th Cir. 1996). In general, a motion for reconsideration "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)(citing *Keene Corp. v. International Fidelity Ins. Co.,* 561 F. Supp. 656, 665-66 (N.D. Ill.1982)). It is not proper to introduce new evidence or advance new legal theories in a motion for reconsideration. *Id.*

Villa and the Firm provide no newly discovered evidence in the instant motion. They do, however, advance a number of new legal theories in the motion, given that Villa's response to the Government's motion for disqualification cited no legal authority. These new arguments are improper in a motion for reconsideration. *Id.*

Villa and the Firm also fail to apply the proper standard for disqualification of an attorney in a criminal case in their motion for reconsideration. Villa and the Firm

3

state in their motion that "the standard [for disqualification] is 'actual conflict of interest.'" (Mot. 10). While an actual conflict of interest is one basis for the disqualification of an attorney in a criminal case, it is only half of the picture. As we stated in our January 10, 2006, opinion, the presumption that a defendant should be represented by an attorney of his choice "may be overcome not only by a demonstration of actual conflict but by a showing of a serious *potential* for conflict." *United States v. Spears*, 965 F.2d 262, 274-75 (7th Cir. 1992)(emphasis added). Villa and the Firm's instant motion completely ignores the fact that representation of Villa by the Firm could be highly prejudicial to Mendoza, a former client of the Firm, and could, at the very least, give the appearance of impropriety, which is a legitimate basis for disqualification. *See United States v. Colonia*, 870 F.2d 1319, 1326-27 (7th Cir. 1989)(stating that "[e]ven a defendant's waiver of defense attorney's conflict of interest cannot always cure every problem created by multiple representation because federal courts have an independent interest in ensuring trials are proper and appear proper"). Accordingly, we find that Villa and the Firm have not demonstrated that our decision granting the Government's motion to disqualify the Firm was a manifest error of law and, therefore, we deny the motion for reconsideration.

## CONCLUSION

Based on the foregoing reasons, we deny Villa's and the Firm's motion for reconsideration.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   February 13, 2006